[Cite as *In re O'dell*, 2019-Ohio-3987.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## HANCOCK COUNTY

IN RE:                                              CASE NO. 5-19-13

    KENDRA O'DELL,

[J.G. WENTWORTH                                     O P I N I O N
ORIGINATIONS, LLC - APPELLANT]

**Appeal from Hancock County Common Pleas Court
Probate Division
Trial Court No. 20196021**

**Judgment Reversed and Cause Remanded**

**Date of Decision:  September 30, 2019**

APPEARANCES:

    *Yale R. Levy, Sean M. Winters and Kathleen M. Smith* for Appellant

**WILLAMOWSKI, J.**

{¶1} Applicant-appellant J.G. Wentworth Originations, LLC ("J.G. Wentworth") appeals the judgment of the Probate Division of the Hancock County Court of Common Pleas, alleging that the trial court erred in dismissing its application for approval in advance of transfer of payment rights without a hearing. For the reasons set forth below, the judgment of the trial court is reversed.

*Facts and Procedural History*

{¶2} In 2006, Jodi O'dell entered into a structured settlement under which her daughter, Kendra O'dell ("Kendra"), would receive periodic payments. Doc. 1. Pursuant to this settlement, Kendra has a payment due in 2022. Doc. 1. In 2018, Kendra sought to transfer her right to this payment to J.G. Wentworth in exchange for an immediate lump sum payment. Doc. 1. Prior to the instant case, J.G. Wentworth, in 2018, filed an application for the approval in advance of transfer of payment rights as is required under R.C. 2323.581. Doc. 1. This prior application was denied by the trial court. Doc. 1.

{¶3} Subsequently, on March 20, 2019, J.G. Wentworth filed another application for the approval in advance of transfer of payment rights pursuant to ORC 2323.581. Doc. 1. On April 2, 2019, the trial court set a hearing on this application for May 6, 2019. Doc. 2. On April 12, 2019, the trial court entered an order that dismissed this matter on the grounds that the trial court "already heard a similar request and denied it on July 23, 201[8] in case number 20186029." Doc. 5.

**{¶4}** The appellant filed its notice of appeal on May 10, 2019. Doc. 6. On appeal, J.G. Wentworth raises the following two assignments of error:

**First Assignment of Error**

**The trial court committed reversible error when it denied Appellant's application for approval in advance of transfer of payment rights without a hearing, in violation of Article I, Section 16 of the Ohio Constitution.**

**Second Assignment of Error**

**The trial court committed reversible error when it denied Appellant's application for approval in advance of payment rights without a hearing in violation of the Ohio Structured Settlement Protection Act, R.C. 2323.58.**

For the sake of analytical clarity, we will consider the second assignment of error before we consider the first assignment of error.

*Second Assignment of Error*

**{¶5}** J.G. Wentworth argues that the trial court failed to hold a timely hearing on their application as was required under R.C. 2323.584.

Legal Standard

**{¶6}** R.C. 2323.584 provides the requirements for the transfer of payment rights under structured settlements and reads, in its relevant part, as follows:

> **(A) A transferee shall file an application under sections 2323.58 to 2323.585 of the Revised Code for the approval in advance of a transfer of structured settlement payment rights in the probate division of the court of common pleas of the county in which the payee resides, except that if the structured settlement agreement was approved by a court of common pleas or other Ohio state**

**court, the application shall be filed in the Ohio state court that approved the structured settlement agreement.**

**(B) The following procedures shall apply to an application for the approval in advance by a court of a transfer of structured settlement payment rights under division (A) of this section:**

**(1) The court *shall hold a timely hearing* on the application. The payee shall appear in person at the hearing unless the court determines that good cause exists to excuse the payee from appearing in person.**

**\* \* \***

(Emphasis added.)  R.C. 2323.584.

Legal Analysis

**{¶7}** In this case, J.G. Wentworth filed an application for the approval in advance of transfer of payment rights pursuant to R.C. 2323.581 on March 20, 2019. Doc. 1.  Under R.C. 2323.584(B)(1), after such an application is filed, the trial court "*shall* hold a timely hearing on the application."  (Emphasis added.)  R.C. 2323.584(B)(1).  However, the trial court, in this case, did not hold a hearing and summarily dismissed this application.  Doc. 5.  In so doing, the trial court erred by failing to comply with the requirements of R.C. 2323.584(B)(1).  Thus, J.G. Wentworth's second assignment of error is sustained.

*First Assignment of Error*

**{¶8}** J.G. Wentworth argues that the trial court summarily dismissed this application in violation of its due process rights.  However, the resolution of J.G. Wentworth's second assignment of error renders the questions raised under this

-4-

assignment of error moot. For this reason, this Court declines to address these issues pursuant to App.R. 12(A)(1)(c).

*Conclusion*

**{¶9}** Having found error prejudicial to the appellant in the particulars assigned and argued, the judgment of the Probate Division of the Hancock County Court of Common Pleas is reversed. This cause is remanded to the trial court for further proceedings consistent with this opinion.

*Judgment Reversed*
*And Cause Remanded*

**SHAW and PRESTON, J.J., concur.**

**/hls**